UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Judge McMahon**

DAVID HOLLOWAY, JR.,

      Plaintiff,

**05 CIV. 9382**

**COMPLAINT**

vs.

LEAKE & WATTS,

      Defendant.

-----------------------------------------------x

By and through his counsel, Michael H. Sussman, plaintiff alleges as against defendant as follows:

A. PARTIES

1. Plaintiff is an African-American male of legal age who resides in the City of Yonkers, New York, situate within this judicial district.

2. Defendant is an employer doing business within this judicial district.

B. JURISDICTION

3. As plaintiff alleges that defendant violated federal civil rights law when it terminated his employment in January 2003, this Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. secs. 1331, 1343 (3) and (4) and, over the supplemental state law claim, pursuant to 28 U.S.C. sec. 1367. 42 U.S.C. sec. 1988 authorizes this Court to award litigation-related attorneys' fees and costs to plaintiff.

C. FACTUAL ALLEGATIONS

4. Plaintiff worked for defendant for more than fifteen years.

5. After his return to employment with defendant in 1998, plaintiff was assigned to

residential services, as opposed to teaching functions, his prior assignment.

6. Thereafter, defendant shuffled plaintiff through a succession of different jobs, each of which plaintiff performed in a satisfactory manner.

7. In late December 2001 and mid-March 2002, plaintiff submitted written complaints or grievances to defendant, citing its failure to keep promises to him, provide him with resources needed to perform his position and consider him for promotion to positions for which he qualified and to which the agency assigned less qualified persons.

8. Defendant did not satisfactorily resolve these grievances.

9. On January 16, 2003, defendant advised plaintiff that he would be terminated effective January 30, 2003, if he could not successfully identify a "vacant position" which he could fill.

10. In so proceeding, defendant's agents cited financial grounds [claiming plaintiff's position had been "retrenched"], not his job performance, as the basis for this adverse action.

11. In fact, the agency was hiring others into "vacant positions" at the same time it pretextually claimed that it needed to retrench plaintiff's position due to financial problems.

12. Despite plaintiff's efforts, between January 16-30, 2003, defendant failed to offer plaintiff a chance to fill any of its "vacant positions" and so continue his employment with it.

13. Effective January 30, 2003, defendant terminated plaintiff's employment.

14. At the same time it terminated plaintiff, defendant retained less senior Caucasians, who it transferred to vacant positions for which plaintiff had superior qualifications.

15. Specifically, plaintiff sought to fill the vacant position of independent living program specialist, but, after being interviewed for the job and being advised he would get it in January 2003, he never heard back from the deciding official.

16. Defendant never offered plaintiff any position on or after January 16, 2003.

17. After his termination, plaintiff sought COBRA benefits so he could retain health insurance.

18. Though he was provided forms to complete and did so, when he inquired by phone as to the status of his benefits, defendant's agent hung up on him and he never received said benefit.

19. Through its agents, defendant engaged in intentional racial discrimination when it terminated plaintiff in late January 2003 and when it failed to offer him one of the vacant positions during the same time period.

20. As a direct consequence of defendant's wrongful conduct, plaintiff suffered economic loss, including loss of salary and benefits.

21. As a direct consequence of defendant's wrongful conduct, plaintiff suffered other compensable damages, including anxiety, embarrassment, humiliation, mental anguish and distress.

22. Defendant's actions and omissions toward plaintiff were knowing, spiteful and malicious, warranting an award of punitive damages.

D. CAUSES OF ACTION

23. Plaintiff incorporates paras. 1-22 as if set forth fully herein.

24. By intentionally discriminating against plaintiff on the basis of his race in terminating his employment, defendant violated 42 U.S.C. sec. 1981, as amended, and section 296 of the Executive Law of the State of New York.

25. By intentionally failing to select plaintiff to fill one of the vacant positions available in January-February 2003 on the basis of his race, defendant violated 42 U.S.C. sec. 1981, as

amended, and section 296 of the Executive Law of the State of New York.

E. <u>PRAYER FOR RELIEF</u>

WHEREFORE, plaintiff prays that this Honorable Court:

a) accept jurisdiction over this cause;

b) empanel a jury to fairly hear and decide all questions within its province and authority;

c) award plaintiff and against defendant compensatory damages with pre-and post-judgment interest;

d) award plaintiff and against defendant punitive damages to deter further like conduct by this and other defendants;

e) award plaintiff and against defendant the reasonably attorney's fees and costs arising from the litigation of this matter and

f) enter any other order the interests of justice and equity require.

Respectfully submitted,

MICHAEL H. SUSSMAN (3497)

LAW OFFICES OF MICHAEL H. SUSSMAN
PO Box 1005
Goshen, NY 10924
(845)-294-3991

Counsel for Plaintiff

Dated: November 1, 2005
    Goshen, New York

-4-